## BEALL *v.* THE STATE.

The statute imposing a fine upon any person who shall, without having a license as required by law, vend any foreign merchandise within this state, is not in violation of the constitution of the *United States*.

ERROR to the *Bartholomew* Circuit Court.

M'KINNEY, J.—*Beall* was indicted for selling, by retail, one-fourth of a pound of tea, without having a license or permit to vend foreign merchandise, which it is averred the tea was. He demurred to the indictment, and the demurrer being overruled, judgment was rendered against him. He complains of this judgment as erroneous, and contends that the act of the legislature on which the prosecution is founded, is repugnant to the constitution of the *United States*, and therefore void.

The section of the act to which exception is taken, reads as follows: "Every person who shall in proper person, or by an agent, vend any merchandise which may not be the product of the *United States*, without having a license or permit so to do as is or may be designated by law, shall be fined, in any sum not exceeding 100 dollars." Rev. C. 1831, p. 191 (1). It is confidently believed, that no conflict or repugnance exists between this provision and the powers delegated to the gene-

ral government. It is however urged, that it is an assumption by the state of a right to reach a subject of taxation, which, by the constitution of the *United States*, is committed exclusively to congress. The question made, if it were for the first time before a judicial tribunal, would unquestionably be of peculiar importance, and demand the most rigid examination; for it is supposed, that of all questions that arise under the various forms of government which exist, none excite greater interest or prompt to more close investigation, than those which affect the subject of taxation, whether founded on the extent of the burthen or the right to impose it.

The question now before us, when first made in the highest tribunal in the country, was investigated with labour and patience, and its decision sustained by a lucid, elaborate, and convincing argument. It has also been decided by the Appellate Court of a sister state. When we say decided, we do not wish to be understood as expressing the opinion that the particular point before us has been decided, but that the question decided in those cases was decisive of the principle involved in this. The question is not therefore clothed with its original interest, and our examination of it will be limited.

That part of the constitution of the *United States*, (art. 1, sec. 10,) to which the act of the legislature is supposed to be repugnant, is as follows: "No state shall, without the consent of the congress, lay any imposts or duties on imports or exports, except what may be absolutely necessary for executing its inspection laws." This provision of the constitution, in the decision of the Supreme Court of the *United States* to which we referred, (*Brown* v. *The State of Maryland*, 12 Wheat. 419,) was fully expounded; and as that case is relied upon in support of the objection to the indictment, it is proper to turn our attention to the point decided by it. The *Browns* were indicted on a statute of *Maryland*, subjecting "importers of foreign articles or commodities of dry goods, wares, or merchandise, by bale or package, &c., and other persons selling the same by wholesale, bale, or package, &c., to penalties, who did not before they sold, &c., take out a license." They were indicted as importers, and charged with having imported and sold one package of foreign dry goods without having a license to do so. They demurred to the indictment in the inferior Court in which the prosecution was instituted, and on judg-

Nov. Term,
1835.

BEALL
v.
THE STATE.

ment being given against them, which was affirmed by the Appellate Court of the state, they took the case by writ of error to the Suprème Court of the *United States*. That Court, Ch. Justice *Marshall* delivering its opinion, reversed the judgment of the Court of Appeals of *Maryland*, on the ground that the act of that state on which the indictment was founded, was repugnant to the constitution of the *United States* and void.

Between the act of *Maryland* thus pronounced void, and the act of this state, the validity of which is questioned, there seems to be an immeasurable difference. The act of the former state assumed the right of levying a tax on imports, without bringing that tax within the constitutional exception; whereas that of this state is only the exercise of a rightful and undenied power of taxing its citizens, and the property within it, without obstruction to the powers of congress. Without remarking further upon this act, the broad ground is taken, and it is believed can be successfully maintained, that this state, situated as it is, cannot pass an act that would be repugnant to the provision of the constitution of the *United States* which we have quoted. No port of entry for the introduction of foreign imports has been established by congress within the state. The state itself has not undertaken to establish one. It, therefore, without having a port of entry, could not lay a tax on imports; for such a tax must meet its subject, as laid down by Ch. Justice *Marshall* in the case of *Brown*, before its incorporation with the great mass of property in the state,— for then its distinctive character as an import is lost. It becomes, from the moment of such incorporation, the legitimate subject of taxation. An act of this state can only affect such property, and opposes no obstruction to any power granted to congress.

It is believed that there is no other provision of the constitution of the *United States*, to which this act, after a moment's reflection, can be supposed to be repugnant, except it be to that which gives to congress the power to regulate commerce between the states. Our act does not interfere with the exercise of that power. It contemplates no restriction upon such commerce; it imposes no burthens upon it; nor can it be tortured into a transit duty. The power it asserts is inseparable from sovereignty essential to its existence, and one which all expounders of the constitution admit to have been reserved.

Nov. Term, The state would become a mere appanage of the general gov-
1835.     ernment unless this power was possessed.    Upon a point thus

*P. Sweetser,* for the plaintiff.
*W. Herod,* for the state.

(1) Accord. Rev. Stat. 1838, p. 217.